```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

Lorena International North America,
Inc.,

                Plaintiff,              08-CV-2686 (CPS)(SMG)

    - against -                         MEMORANDUM
                                        OPINION
Vican Trading,                          AND ORDER

                Defendant.
-----------------------------------X
```
SIFTON, Senior Judge.

Plaintiff Lorena International North America, Inc. ("Lorena"), commenced this action against defendant Vican Trading ("Vican") on July 3, 2008, claiming (1) breach of contract, (2) unjust enrichment, and (3) conversion. Plaintiff alleges that defendant's failure to perform under its contracts with plaintiff caused plaintiff to lose orders from its customers. Presently before this Court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The premise of defendant's motion is an argument that plaintiff failed to plead the amount in controversy in good faith. For the reasons set forth below, defendant's motion is denied.

**BACKGROUND**

The following facts are taken from the complaint and the parties' submissions in connection with this motion. Disputes are noted.

Plaintiff Lorena is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in Flushing, New York. Defendant Vican is a Canadian corporation authorized to do business in the State of New York, with its principal place of business in Montreal, Quebec.

In April, 2008, plaintiff entered into two contracts with defendant, the first for the purchase by plaintiff of 100 metric tons of motors, at $980.00 a ton, and the second for the purchase of 200,000 pounds of car batteries, at $.34 a pound, for a total price of $166,000. Complaint at ¶ 8, Affidavit of Sherri Jayson, Exs. D, E.[1] The motors were to be delivered by May 23, 2008, and the batteries by May 30, 2008. Jayson Aff. Exs. D, E. On April 28, 2008, plaintiff wire-transferred a $9,800 deposit to defendant for the motors. Compl. at ¶ 9. On May 8, 2008, plaintiff made a deposit of $6,600, and additional deposits thereafter. *Id*. at ¶ 10. Defendant received the wire deposits but did not deliver the goods as provided in the contract.[2] *Id*. at ¶ 11. Defendant has retained some amount of money from the

---

[1]The complaint states that the value of the two contracts was $40,000. It is not clear to what value this sum refers, given that the sales agreements indicate that the prices of the goods were $98,000 and $68,000, respectively.

[2]The parties dispute the cause for the failure to deliver the goods. Defendant alleges that it refused to deliver the goods because plaintiff breached the contract by not paying the full contract price prior to delivery. Plaintiff alleges that it was not required to pay the full contract price prior to delivery, and that the contracts themselves provide only for deposits. The question of which party is responsible for the breach is beyond the purview of this opinion.

deposits.³ Compl. at ¶ 12, Jayson Aff. at ¶¶ 17-18.

Plaintiff alleges that, as a result of defendant's failure to deliver the motors and batteries, plaintiff was unable to fulfill delivery obligations to its customers in China. *Id*. at ¶ 13. Plaintiff has submitted two sales agreements between Lorena and the Shanghai Zhen Xing Metal Fabrication Factory ("Shanghai Zhen"), in which Shanghai Zhen agreed to buy 100 metric tons of motors at $1400 a metric ton, and 200,000 pounds of auto batteries at $0.45 a pound, for a total contract price of $230,000. Affidavit of Wei Zhu, Ex. C. These agreements included a term providing that if Lorena failed to timely deliver the motors before May 23, 2008 and the batteries by May 30, 2008, it would compensate Shanghai Zhen at three times the contracted amount. Plaintiff has submitted a letter from Shanghai Zhen alleging that it is due $690,000 in damages for the alleged contract breach by Lorena. Zhu Aff. Ex. F. Plaintiff further asserts that it suffered thousands of dollars in damages due to delays, loss of business, labor costs, fees, and reshipment costs following defendant's breach.

---

³Plaintiff alleges that defendant has refused to refund any money. Defendant claims that it has retained only $10,000. In explanation for its retention of that sum, defendant claims that, between the time when the contracts were entered into and when the contracts were cancelled, the fair market value of auto batteries had decreased to $0.24 a pound, causing a loss to defendant of $20,000. Plaintiff responds that, even if it had been at fault in the contract breach, there was no provision in the contract for the retention of liquidated damages, and therefore defendant has no right to withhold this sum.

Plaintiff claims that it is due in total $1,200,000 in damages.

### DISCUSSION

Plaintiff's complaint alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of New York, and defendant is a citizen of Canada. However, defendant maintains that plaintiff has not plead the amount in controversy in good faith, and that this Court accordingly lacks jurisdiction. Defendant asserts that plaintiff is not entitled to seek consequential damages, and therefore the only money in dispute is the $10,000 retained by defendant from plaintiff's deposits. Defendant further contends that, even if plaintiff were entitled to seek consequential damages, they would be limited to the $68,000 profit that plaintiff would have received after purchasing goods from defendant and selling them to the Chinese buyer.

**A. Law Governing Amount in Controversy**

"In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of establishing a reasonable probability that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met." *Burns v. King*, 160 Fed. Appx. 108, 111 (2d Cir. 2005). "This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003). "[M]otions to dismiss for lack of a sufficient amount in controversy must be directed solely to the plaintiff's allegations," and "defenses asserted on the merits [may not be] considered and adjudicated on jurisdictional motions." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d cir. 1982). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Scherer*, 347 F.3d at 397. "Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994). "[W]hen a plaintiff is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount." *Id.*

**B. Consequential Damages**

Defendant has not met its burden of showing to a legal certainty that plaintiff could not recover $75,000 in this action, because it cannot be determined as a matter of law at this stage that plaintiff is not entitled to consequential damages that would exceed the statutory minimum.

In an action for breach of contract, a plaintiff may seek "general" damages, which compensate for the value of the promised performance, and "special" or "consequential" damages, which compensate for additional losses. *See Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). In order to prove consequential damages, a plaintiff must prove (1) that the damages were foreseeable; (2) that the damages were within the contemplation of both parties when the contract was made; and (3) that the amount of damages can be determined with reasonable certainty. *See Tractebel Energy Mktg. v. AEP Power Mktg.*, 487 F.3d 89, 111 (2d Cir. 2007) (citing *Kenford Co. v. County of Erie*, 67 N.Y.2d 257, 261; 493 N.E.2d 234; 502 N.Y.S.2d 131 (1986)). In addition, a plaintiff has the obligation to mitigate damages. *See Kenford*, 67 N.Y.2d at 261.

When a non-breaching party alleges a loss of profits on collateral business arrangements as a result of a breach, the claim is considered one for consequential damages. *See Tractebel*,

487 F.3d at 109.[4] "Where, as here, the buyer seeks to recover profits lost when the seller failed to deliver goods that the buyer had intended to resell at a profit, the buyer must show that 'the seller at the time of contracting had reason to know' that buyer would lose profits, and that the lost profits 'could not be reasonably prevented by cover or otherwise,' for instance, by purchasing substitute goods in the open market for resale." *Happy Dack Trading Co. v. Agro-Industries, Inc.*, 602 F.Supp. 986, 994 (S.D.N.Y. 1984) (quoting N.Y.U.C.C. § 2-715(2)(a)). Where the contract is silent on the subject of consequential damages, the court must take a 'common sense' approach, and determine what the parties intended by considering 'the nature, purpose and particular circumstances of the contract known by the parties... as well as what liability the defendant fairly may be supposed to have assumed consciously." *Schonfeld*, 218 F.3d at 172 (quoting *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319; 537 N.E.2d 176; 540 N.Y.S.2d 1 (1989)).

Defendant argues that plaintiff's third-party contracts were not foreseeable and not within the contemplation of the parties at the time the contract was signed, and therefore it cannot be held liable for consequential damages. Additionally, defendant argues that the amount of any consequential damages would not

---

[4]"By contrast, when the non-breaching party seeks only to recover money that the breaching party agreed to pay under the contract, the damages sought are general damages." *Tractebel*, 487 F.3d at 109.

exceed the jurisdictional threshold. Last, defendant notes that plaintiff has failed to explain why it did not seek to cover its losses by purchasing the same goods from another seller on the open market.

**1. Foreseeability and Contemplation of the Parties**

Defendant argues that it was not reasonably foreseeable that plaintiff would suffer significant damages from a breach, as defendant did not know or have reason to know that plaintiff was a broker or that it had contracts with a third party to resell goods. Defendant has submitted an affidavit by Vican's executive vice president attesting that he did not know about plaintiff's collateral business arrangements, and points to fact that the plaintiff's contracts with Shanghai Zhen for motors and batteries are dated after the respective contracts with defendant as evidence that defendant could not have known about the third party deals.[5] *See* Safran Aff. However, the matter of what defendant knew at the time it formed a contract with plaintiff is a question of fact. It cannot be said as a matter of law that defendant did not know of or foresee and contemplate the third-

---

[5]Plaintiff's contract with defendant for motors is dated April 23, 2008, and plaintiff's contract with Shanghai Zhen for the same quantity of motors is dated April 25, 2008. *See* Zhu Aff., Exs. B, C. Plaintiff's contract with defendant for batteries is dated April 30, 2008, and plaintiff's contract with Shanghai Zhen for the same quantity of batteries is dated May 2, 2008. *See id*.

party contracts.[6]

**2. Possible Amount of Consequential Damages**

Defendant next argues that, even if could be held liable for consequential damages, plaintiff is entitled to recover at most $68,000, which is the difference between the price at which plaintiff bought the goods from defendant and the price for which plaintiff intended to sell them to Shanghai Zhen. Plaintiff states that it has lost contracts with third parties in China and that it has received a notice of claim for $690,000 from Shanghai Zhen. Defendant maintains that consequential damages as to plaintiff's loss of Shanghai Zhen as a client are speculative and incalculable. However, the cost of that breach is determined by the terms of plaintiff's contract with Shanghai Zhen, which provides for treble damages in the case of a breach. Plaintiff's liability for that sum is directly traceable to defendant's

---

[6]Defendant submits an affidavit by Corey Safran, executive vice president of Vican, in which Mr. Safran states that defendant was not aware that plaintiff had contracts with Shanghai Zhen or any third party for the resale of the motors and batteries. Affidavit of Cory Safran, Dated November 4, 2008, at ¶ 6. Defendant points to the fact that no contract with Shanghai Zhen existed at the time plaintiff signed the contract with defendant, and therefore there could not have been knowledge of the third-party agreement. Plaintiff responds that information about its third party agreements was communicated to defendant orally and in writing. The question of whether defendant knew of plaintiff's agreement with a third-party to transfer the goods is one that cannot be resolved as a matter of law. Whether the parties had certain conversations that framed their understanding is a question that cannot be answered based on the submissions before me. Furthermore, the dates of the written contacts with Shanghai Zhen tell us nothing about whether the agreement was reasonably foreseeable to defendant at the time it formed the contract with plaintiff.

failure or refusal to delivery the batteries and motors.[7]

Resolving doubts in favor of plaintiff's pleadings, I find that plaintiff has sufficiently plead an amount in controversy that exceeds the jurisdictional threshold.

**CONCLUSION**

For the reasons stated herein, the motion to dismiss the complaint for failure to plead the amount in controversy in good faith is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:     Brooklyn, New York
           July 2, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge

---

[7] Defendant argues that a provision for treble damages is generally not enforceable under New York law. *See Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 407–408 (S.D.N.Y. 2000). However, there is no showing that New York law would apply to the dispute between Lorena and Shanghai Zhen.